# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| OWEN BELL ) | |
|     Plaintiff, ) | |
| v. ) | CASE NO. 3:17-cv-640 |
| ) | **Chief Judge Crenshaw** |
| SAMMY BEREZNAC & CO ) | **Magistrate Judge Frensley** |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by the Defendant in this matter. Docket No. 11. The bankruptcy trustee, who was substituted as the plaintiff/ real party in interest has filed a response to the Motion. Docket No. 19. For the reasons stated herein, the undersigned recommends that the Defendant's Motion be GRANTED.

This action was originally filed by the pro se plaintiff asserting causes of action arising out of the testimony of the Defendant in a previous lawsuit in which pro se plaintiff was a defendant. Specifically, plaintiff's complaint alleges in its entirety the following causes of action: 1) conspiracy; 2) intentional misrepresentations; 3) fraud; 4) defamation; 5) malicious prosecution; and 6) multiple intentional falsifications made during the March 2014 trial, Case No. 3:11-cv-0674 Docket No.1. The complaint states no factual allegations or further detail regarding the causes of action alleged. *Id.* While the complaint identifies the defendant as Sammy Bereznac "and Co" it does not identify what if any entity "Co" references. Defendant Sammy Bereznac indicates he is an individual and not a company/corporate entity. Docket No. 11.

In the underlying action, defendant provided expert testimony. Docket No. 12, p. 2. A verdict was rendered by the jury against the plaintiff in the prior lawsuit. *Id*. Plaintiff filed this

action on March 24, 2017. Docket No. 1. While the complaint contains no factual allegations in support of the causes of action it does reference conduct during the trial in the underlying matter. The pro se plaintiff filed a bankruptcy petition on April 26, 2016 in the United States Bankruptcy Court for the Middle District of Tennessee in Case No. 3:16-bk-02966. A bankruptcy trustee was appointed in that matter who subsequently filed a motion to substitute the bankruptcy trustee as the Plaintiff. Docket No. 13. The bankruptcy trustee was substituted as the plaintiff/real party in interest in the current action. Docket No.19.

The Defendant alleges that none of the causes of action asserted state any claim upon which relief can be granted and that the action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6). Docket No. 11. Specifically, Defendant asserts that the claims for defamation and malicious prosecution are barred by the one year statute of limitations insofar as the causes of action arose in the course of the March 2014 trial of the prior lawsuit and the complaint was filed on March 24, 2017. Docket No. 12, p. 4. Defendant further asserts that plaintiff's claim of fraud fails as it is not stated with sufficient particularity. *Id.* The Defendant argues that the causes of action based upon intentional misrepresentations, fraud, defamation and "multiple intentional falsifications" allegedly made by the Defendant the 2014 trial are barred by the absolute litigation/testimonial privilege. *Id.* at pp. 4-5. Defendant asserts that the "malicious prosecution" claim fails insofar as the plaintiff cannot establish the essential elements of the claim because defendant has not instituted any judicial proceedings against the plaintiff and the prior lawsuit was not terminated in plaintiff's favor. *Id.* at pp. 5-6. Finally, defendant asserts that the cause of action for "conspiracy" is unsupported by any material facts or pled with any degree of specificity sufficient to support such a claim. *Id.* at pp. 6-7.

The Trustee has filed a response to the Defendant's Motion stating that he has

investigated the matter, reviewed the motion to dismiss and "finds no basis to oppose the motion." Docket No. 19.

Taking the evidence in the light most favorable to the plaintiff, the undersigned finds that plaintiff has failed to state any claim upon which relief can be granted and to the extent that the trustee/real party in interest has indicated that he has no opposition to the Defendant's Motion to Dismiss the undersigned recommends that the Motion to Dismiss (Docket No.11) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                  **JEFFERY S. FRENSLEY**
                                  U. S. Magistrate Judge