UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| OWEN BELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 3:17-cv-00640 |
|  | ) | CHIEF JUDGE CRENSHAW |
| SAMMY BEREZNAC & CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

On April 26, 2016, Bell filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (M.D. Tenn. Case No. 3:16-bk-02966.) John C. McLemore is the Chapter 7 Bankruptcy Trustee. Plaintiff filed the instant lawsuit on March 24, 2017. (Doc. No. 1.) The Complaint arises from Defendant's expert witness testimony during a trial in 2014. As discussed below, before the Court are the Magistrate Judge's decisions concerning (1) the substitution of the bankruptcy trustee for Bell as the real party in interest and (2) the Report and Recommendation on the pending motion to dismiss this case.

1. Substitution of Trustee

McLemore moved to be substituted for Bell as the real party in interest as Plaintiff. (Doc. No. 13.) The Magistrate Judge granted the motion. (Doc. No. 17.) Plaintiff has filed a "Response and Objections" to this order. (Doc. No. 18). The Court will treat this as a Motion for Review and Objections pursuant to Local Rule 72.

The Magistrate Judge correctly substituted the Trustee as the real party in interest. Rule 17(a) of the Federal Rules of Civil Procedure requires that an action be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17. The Bankruptcy Code provides that the bankruptcy

estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and it is well established that the "interests of the debtor in property" include "causes of action." Bauer v. Commerce Union Bank, Clarksville, Tenn., 859 F.2d 438, 440-41 (6th Cir. 1988) (citing Gochenour v. Cleveland Terminals Bldg. Co., 118 F.2d 89, 93 (6th Cir. 1941)). Federal Rule of Civil Procedure 25(c) permits a court to order that a trustee be substituted as a party plaintiff for purposes of pursuing a cause of action on behalf of the bankruptcy estate. Fed. R. Civ. P. 25(c). When substituted, the trustee in bankruptcy acts as representative of the estate. It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). "It is well settled that the right to pursue causes of action formerly belonging to the debtor – a form of property 'under the Bankruptcy Code' – vests in the trustee for the benefit of the estate." Bauer, 859 F.2d at 441 (citing Jefferson v. Mississippi Gulf Coast YMCA, 73 B.R. 179, 181-82 (S.D. Miss. 1986)). The debtor has no standing to pursue such causes of action. Bauer, 859 F.2d at 441 (citing Matter of Tvorik, 83 B.R. 450, 456 (Bankr. W.D. Mich. 1988)). Moreover, the bankruptcy trustee is empowered to compromise causes of action as well as abandon those that are of inconsequential benefit to the estate. Bauer, 859 F.2d at 441; 11 U.S.C. § 554(a).

When Bell's bankruptcy petition was filed in April 2016, a bankruptcy estate was created and any causes of action belonging to Bell became property of the estate. McLemore, as Trustee, assumed the right to pursue Bell's cause of action. McLemore was, therefore, properly substituted for Bell. Bell's Objections are without merit. Bell states that by moving slowly, McLemore was acting in concert with the Defendant to obstruct justice and conceal fraudulent activities. However, Bell offers absolutely no support for these brief claims. Accordingly, the Motion for Review (Doc. No. 18) is **GRANTED** and Bell's Objections are **OVERRULED**.

2. Report and Recommendation

The Defendant has filed a Motion to Dismiss the Complaint. (Doc. No. 11.) The real party in interest, Trustee McLemore, filed a Response stating that, based upon investigation of the case and review of the motion, he did not oppose the motion. (Doc. No. 19.) As discussed above, this is within McLemore's power and is therefore sufficient basis alone to dismiss the Complaint.

While the Magistrate Judge recognized this, he nonetheless reviewed the legal arguments. The Defendant argued that:

> Defendant asserts that the claims for defamation and malicious prosecution are barred by the one year statute of limitations insofar as the causes of action arose in the course of the March 2014 trial of the prior lawsuit and the complaint was filed on March 24, 2017. Defendant further asserts that plaintiff's claim of fraud fails as it is not stated with sufficient particularity. The Defendant argues that the causes of action based upon intentional misrepresentations, fraud, defamation and "multiple intentional falsifications" allegedly made by the Defendant the 2014 trial are barred by the absolute litigation/testimonial privilege. Defendant asserts that the "malicious prosecution" claim fails insofar as the plaintiff cannot establish the essential elements of the claim because defendant has not instituted any judicial proceedings against the plaintiff and the prior lawsuit was not terminated in plaintiff's favor. Finally, defendant asserts that the cause of action for "conspiracy" is unsupported by any material facts or pled with any degree of specificity sufficient to support such a claim.

(Doc. No. 20 at 2 (citations omitted).) The Magistrate Judge's Report and Recommendation concluded that the Court should grant the motion to dismiss in its entirety. Out of an abundance of caution, the Court has reviewed the record and the issues raised above de novo. Fed. R. Civ. P. 72. The Court concurs with the Magistrate Judge that, taking the allegations in the light most favorable to the plaintiff, the Plaintiff has failed to state any claim upon which relief can be granted.

As he is no longer the real party in interest, it is not Bell's role to object to the motion to dismiss. However, again, out of an abundance of caution, the Court has reviewed Bell's pro se Motion to Quash Pending Order of Dismissal, which the Court has interpreted as Objections to the Report and Recommendation. (Doc. No. 21.) Bell maintains that everyone involved with this case,

and the prior case that is the subject of this action, "are willfully and intentionally interfering with the legal process." (Id. at 1.) Bell contends that there are "no laws" which allow for the misrepresentations he alleges were made in his prior case, and claims he is the victim of "obstruction of justice" with which the Trustee, attorneys and judges are complicit. (Id. at 1-2.) Bell's Objections are without merit and are **OVERRULED**. The Report and Recommendation (Doc. No. 20) is **APPROVED AND ADOPTED**. The Motion to Dismiss (Doc. No. 11) is **GRANTED**.

The Clerk of the Court will enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure and close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE